## (October 21, 1965)

■ CHARLES L. GALLO, Respondent, v. AIR EXPRESS INTERNATIONAL CORP., Appellant.— Order, entered on March 26, 1965, which granted summary judgment to the plaintiff on the complaint, dismissed defendant's first, second and third counterclaims, and granted plaintiff's motion for a protective order, unanimously modified on the law, with $30 costs and disbursements to abide the event, to the extent of denying plaintiff's motion for summary judgment, reinstating the first, second and third counterclaims in defendant's answer, reinstating defendant's notice of examination before trial as to the four counterclaims, and requiring plaintiff to appear and submit to pretrial examination on the counterclaims at least 20 days before the date set for trial. Appeal from order entered April 16, 1965, denying defendant's motion to renew, is dismissed, without costs or disbursements, as academic in view of the foregoing disposition of the main appeal. In this action, the former president of defendant until July, 1958, sues to recover $100,000 in damages claiming that defendant breached a contract made with him in July, 1958 under which plaintiff was to discontinue his services with defendant and was to be paid $30,000 per annum until December 31, 1959. The contract provided plaintiff was to continue in an advisory and consultative capacity to defendant and to refrain from entering competitive employment. Defendant refused to pay the installment due under the contract on December 31, 1958. The answer, besides general denials pleads four counterclaims only the first three of which are involved in this appeal. Under these three counterclaims defendant seeks the return of payments made and stock transferred to plaintiff and damages for appropriating trade secrets. In our opinion, the record presents a triable issue as to whether defendant was justified in refusing to make any further payments under the contract in view of plaintiff's activities with Air Cargo Consolidators, Inc., a corporation which competes with defendant. In addition, there is a triable issue as to whether before December, 1958 the plaintiff breached his duties to defendant — contractual or otherwise — by allegedly soliciting and hiring defendant's key supervisors for the Air Cargo corporation and utilizing defendant's trade secrets to solicit its customers. Plaintiff was therefore not entitled to summary judgment on the complaint and to a dismissal of the counterclaims. Since the counterclaims are being reinstated, the protective order restricting the pretrial examination to the fourth counterclaim — which was not dismissed — must be modified to apply to the four counterclaims. We are in agreement with Special Term that under the circumstances of the case, an immediate examination of plaintiff, who is now resident in Bolivia, would work an undue and unnecessary hardship on him. However, instead of requiring any examination of plaintiff to proceed at least five days before the date set for trial, we deem it appropriate that the five days' requirement be changed to 20 days. Settle order on notice. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ REBA KALISH, an Infant, by Her Father and Natural Guardian, SAM J. KALISH, et al., Respondents, v. ALVIN ADLER CONTRACTOR, INC., Defendant, and MONTICELLO PLATE GLASS COMPANY, Appellant.— Order, entered on June 2, 1965, denying a motion by defendant Monticello Plate Glass Company for a change of venue to Sullivan County, unanimously reversed on the law, the facts and in the exercise of discretion, with $30 costs and disbursements to appellant and the motion granted, with $10 costs. (See *Slavin* v. *Whispell*, 5 A D 2d 296.) Settle order on notice. Concur — Botein, P. J., Rabin, Valente, Eager and Steuer, JJ.